IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADAM HELLMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-00608-CV-W-ODS ) |
| LITHKO CONTRACTING, LLC, | ) ) |
| Defendant. | ) |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. Doc. #9. For the reasons below, the motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

## I. BACKGROUND

Plaintiff Adam Hellman commenced this action in the Circuit Court of Jackson County, Missouri on June 20, 2018. Doc. #3-1, at 5-10. Defendant Lithko Contracting, LLC timely removed the action, alleging this Court has diversity jurisdiction. Doc. #3. On August 20, 2018, Plaintiff filed a motion to remand, arguing Defendants failed to establish diversity jurisdiction. Doc. #9. Defendant did not respond to Plaintiff's motion, and the time for doing so has passed. The motion is now ripe for consideration.

## II. DISCUSSION

The party invoking federal jurisdiction bears the burden of demonstrating it exists. *Bell v. Hershey Co.*, 557 F. 3d 953, 956 (8th Cir. 2009). Thus, Defendant bears the burden in this case. Federal district courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 662 F.2d 181,182 (8th Cir. 1993). Factual matters such as the citizenship of the parties must be established by the preponderance of the evidence. *Id.*; *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620-21 (8th Cir. 2010). When diversity jurisdiction is

asserted, complete diversity of citizenship must exist. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620-21. Further, complete diversity must exist at the time of filing of the state court petition. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975-76 (8th Cir. 2011). For diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The Petition alleges Plaintiff is a resident of Missouri, and Defendant is a Delaware corporation. Doc. # 3-1, at 5.[1] In the Amended Notice of Remand, Defendant states Lithko Acquisition, LLC ("Lithko Acquisition") its sole member. Doc. #3, at 1. Lithko Acquisition's sole member is Lithko Holdings, LLC ("Lithko Holdings"). *Id.* Lithko Holdings has two members: Lithko Management Pool, LLC ("Lithko Management") and Lithko Top Holdco, LLC ("Lithko Holdco"). Both Lithko Management and Lithko Holdings are limited liability companies, but Defendant does not identify their members. Defendant asserts, upon "information and belief," no member of Lithko Management or Lithko Holdco is a citizen of the State of Missouri.

Plaintiff argues Defendant's assertion based on "information and belief" concerning its citizenship and its members' citizenship is insufficient to meet Defendant's burden of establishing removal was proper. Because Defendant failed to respond to Plaintiff's motion, Defendant waived any objection to Plaintiff's motion. *Small v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-0470-DGK, 2012 WL 715823, at *2 (W.D. Mo. Mar. 5, 2012) (citing *Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 740 (8th Cir. 1985)). For this reason alone, the Court grants Plaintiff's motion.

Additionally, Defendant failed to identify the members of Lithko Management and Lithko Holdings and their members' citizenship. And Defendant simply contends based

---

[1] Plaintiff misidentifies Defendant's citizenship because Defendant is a limited liability company, and not a corporation. But that is inconsequential to the Court's analysis.

solely upon information and belief the unnamed members are not Missouri citizens. This unspecific allegation is insufficient to establish diversity of citizenship. *See GMAC*, 357 F.3d at 829; *Affordable Communities of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, *2-3 (E.D. Mo. Nov. 19, 2008). Therefore, Defendant has failed to meet its burden of establishing complete diversity of citizenship exists among Plaintiff and Defendant in this matter. Accordingly, the Court does not have jurisdiction over this matter, and it must be remanded.

### III. CONCLUSION

For the above reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings.

IT IS SO ORDERED.

DATE: September 11, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT